233 F.2d 803
 In the Matter of MAGNUS HARMONICA CORPORATION, Debtor,
Samuel S. Salitan David Little, Phillip Gustin, Irving
Jacobs, Leo B. Levin, Renee Kendell Dann, Jerome Kendell,
Allen Kendell, Edward Bottner and M. Fred Hirsch, trading as
Credit Industrial Company, a limited partnership, Appellants.
 No. 11902.
 United States Court of Appeals Third Circuit.
 Argued May 7, 1956.
Decided May 31, 1956.
 
 Max L. Rosenstein, Newark, N.J., for appellants.
 Israel B. Greene, Newark, N.J., for Finn H. Magnus and Elsie Magnus.
 Thomas J. O'Neill, Newark, N.J., for trustee.
 Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 This is a motion to stay an injunction issued by the District Court for the District of New Jersey on April 12, 1956. The Magnus Harmonica Corporation is in reorganization proceedings under chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. The corporation is indebted to Credit Industrial Company which is the assignee of choses in action acquired by the debtor in the course of its business. Finn H. Magnus and Elsie A. Magnus, president and secretary of the corporation respectively, have guaranteed obligations of the corporation to Credit Industrial Company. And Finn Magnus has endorsed promissory notes which increase these obligations of the debtor. The obligee of the guaranty and the endorsements started suit in a New Jersey state court against the Magnuses on the contract of guaranty and the endorsements. This suit was stayed by an order of the district court against which the motion before us is directed.
 
 
 2
 We are clearly of the opinion that the motion to stay the injunction must be granted. 28 U.S.C. § 2283 (1952) reads as follows:
 
 
 3
 'A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'
 
 
 4
 If there is any basis for the injunction against the state suit here, it is under the permission to grant it where it is in aid of the jurisdiction of the federal court. The federal court has, of course, jurisdiction in the bankruptcy matter. But, as stated by Chief Justice Vinson for the Supreme Court in Callaway v. Benton, 1949, 336 U.S. 132, 142, 69 S.Ct. 435, 441, 93 L.Ed. 553, 'There can be no question, however, that Congress did not give the bankruptcy court exclusive jurisdiction over all controversies that in some way affect the debtor's estate. * * *' It may be granted that this suit against the Magnus defendants may have an indirect repercussion in matters involved in the bankruptcy proceedings. It is suggested, for instance, that Finn Magnus has reversionary rights to certain patents now licensed to the corporation and if a creditor got hold of those rights it would greatly embarrass the reorganization. Of course that same difficulty would be presented if a tort claimant sued Magnus for damages involved in an automobile accident and sought to get these patent rights to collect a judgment. It is true, also, that a surety has rights against the principal debtor. If Finn Magnus and Elsie Magnus are compelled to pay a creditor who sues in a state court on a suretyship obligation entered into for the benefit of the corporation, they will have rights against the corporation. These the bankruptcy court can handle in due course if the question arises to be answered.
 
 
 5
 The transcript shows that the district judge was in great doubt about his authority to issue the injunction when the matter was presented to him. The zeal of counsel over-persuaded him and led him into error. In addition to the Supreme Court decision cited above, authorities in point are: In re Nine North Church Street, Inc., 2 Cir., 1936, 82 F.2d 186; In re Diversey Building Corp., 7 Cir., 1936, 86 F.2d 456, certiorari denied Diversey Building Corp. v. Weber, 1937, 300 U.S. 662, 57 S.Ct. 492, 81 L.Ed. 870. See also, 11 Remington, Bankruptcy, § 4389 (1947 ed.).
 
 
 6
 The motion to stay the order of the district court of April 12, 1956, will be granted and the operation of the injunction stayed pending determination of the appeal in the above entitled case; the appeal may be proceeded without the requirement of the filing of a supersedeas bond. Cf. Fed.R.Civ.P. 62(g), 28 U.S.C.