**In re LARMAR ESTATES, INC., Debtor.**

**In re MEDAF HOLDING CORP., Debtor.**

**Bankruptcy Nos. 880 01917, 880 01918.**

United States Bankruptcy Court,
E. D. New York,
at Westbury.

July 25, 1980.

Pliskin, Rubano & Baum, Flushing, N. Y., by Charles F. Rubano, Flushing, N. Y., for debtors.

Ira L. Hyams, P.C., Jericho, N. Y., for FDIC; Howard J. Herman, Jericho, N. Y., of counsel.

David L. Ganz, New York City, for Harold Pearlman.

ROBERT JOHN HALL, Bankruptcy Judge.

### I.

The Federal Deposit and Insurance Corporation (hereinafter "FDIC") has moved this Court for an order modifying and clarifying prior orders of this Court dated April 24, 1980 and May 8, 1980. The FDIC seeks an order permitting it to enforce a state court judgment against Harold Pearlman and Irving Rubin, guarantors of a loan made to Larmar Estates, Inc. ("Larmar") and Medaf Holding Co. ("Medaf") the debtors herein. For the reasons set forth below, the FDIC's motion is granted.

### II.

Franklin National Bank loaned money to Larmar and Medaf ("debtors") with Pearlman and Rubin signing as guarantors ("guarantors"). The debtors failed to make the required payment under the loan agreement. Subsequently, in 1978 the FDIC as successor in liquidation to Franklin National Bank commenced an action against the debtors and the guarantors in the Supreme Court of the State of New York ("State Court action"). On April 10, 1980, the State Court entered an order granting the FDIC summary judgment. The order granted judgment in favor of the FDIC for $1,100,-312.09 representing principal, interest, cost and disbursements; and an award of attorneys fees to be determined after a hearing which was to be held on May 13, 1980. The fixing of the attorneys' fees is the only issue remaining to be tried in the state court.

The day after the entry of the summary judgment order, the debtors filed petitions for reorganization under chapter 11 of the Bankruptcy Code. Thereafter, on April 24, 1980 the Court entered an order staying the FDIC from taking further action in connection with the debtors' property, subject to further order of this Court. On May 8, 1980, the Court issued an order which directed the FDIC to show cause why the state court action should not be removed to the bankruptcy court and also stayed "all

further proceedings by the FDIC now pending or contemplated" (the two orders hereinafter collectively referred to as the "stay orders"). Subsequently, the court denied the motion to remove the case to the bankruptcy court. The FDIC now seeks an order clarifying the stay orders so that it may proceed to enforce its state court judgment against the individual guarantors.

### III.

The filing of a petition for reorganization under chapter 11 of the Bankruptcy Code operates as a stay *inter alia* of:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose

before the commencement of the case under this title;

11 U.S.C. section 362(a).

■ Accordingly, the stay orders were not necessary to stay any action by the FDIC against the debtors or their property. However, as a practical matter, notwithstanding the serious consequences that may follow a violation of the automatic stay provisions,[1] many institutions and persons, including state courts and state officials, will not feel restrained in the absence of a court order. Thus, the court often signs stay orders, even when it is not really necessary to do so. However, the automatic stay provisions of section 362(a) stay actions only against the debtor and property of the estate. The purpose of the automatic stay provisions is to give the debtor a breathing spell from its creditors, and thereby give the debtor an opportunity to successfully reorganize itself. Report of the Committee of the Judiciary, Bankruptcy Law Revision, H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 340 (1977) *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 5963, 6296–97. The automatic stay provisions of section 362(a) do not protect the guarantors of a loan that was made to the debtors.[2] *See, In re Cloud Nine, Ltd.*, 5 B.C.D. 1377, 1378, 3 B.R. 202, 204 (Bkrtcy., D.N.M.1980). That is not to say, however, that the court does not have the power to stay the enforcement of the state court judgment against the guarantors.

■ 11 U.S.C. section 105(a) empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". It is clear that with the bankruptcy court's expanded power[3] and juris-

---

1. One who violates the automatic stay provisions may be held in contempt. *See, Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976) cert. denied 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).

2. *But cf.* 11 U.S.C. section 1301 which provides for a stay of action against co-debtor on a *consumer* debt. This case does not involve a consumer debt, and in any event, section 1301 applies only in Chapter 13 cases. 11 U.S.C. section 103(h).

3. 28 U.S.C. section 1481 provides that:

Powers of bankruptcy court. A bankruptcy court shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment.

diction,[4] this court has the power to enjoin enforcement of the state court judgment against the guarantors. See generally, 2 *Collier on Bankruptcy*, (15th ed. 1979) ¶ 105.01–105.04. However, the question remains whether such an order is necessary or appropriate in this case.[5]

Pearlman contends that permitting the FDIC to enforce its judgment against the guarantors after the filing of the chapter 11 petition is "the antithesis of the purpose of a bankruptcy proceeding". This contention is wholly without merit. The bankruptcy proceeding is meant to protect the debtor, not third-party guarantors. Indeed, 11 U.S.C. section 524(e) provides in pertinent part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Accordingly, even assuming that plans of reorganization will be confirmed, it would aid the guarantors only if the FDIC was paid in full under the plans. This raises the question whether the FDIC should be stayed until the debtors' plans are confirmed or until the debtors' Chapter 11 cases are converted to Chapter 7 cases.[6]

■ An order staying the FDIC pending confirmation of the debtors' plans would be akin to a preliminary injunction. The traditional tests for determining whether a preliminary injunction should issue are: first, the possibility of irreparable harm if an injunction does not issue, and second, the probability that the party seeking the preliminary relief will succeed on the merits. *Sanders v. Air Line Pilots Association, International*, 473 F.2d 244, 248 (2d Cir. 1972); *Dino de Laurentiis Cinematografica, S.p.A. v. D–150, Inc.*, 366 F.2d 373, 375 (2d Cir. 1966).

In the instant case, the latter standard, probability of success on the merits, may be said to refer to the probability of the debtors' having plans of reorganization confirmed in the near future which would provide for 100% repayment to the FDIC. The debtors have been in Chapter 11 for over four months, and this court has received no indication that the debtors' are close to having their reorganization plans, if any have been proposed, confirmed. As for the former standard, the "balance of hardships", the guarantors have neither alleged nor shown that they will suffer any irreparable harm if the FDIC is permitted to enforce its state court judgment against them. If the guarantors pay the FDIC, they may be subrogated to the FDIC's position. The guarantors have not convinced this Court that the balance of hardships tips decidedly toward the party seeking the injunction. *Sanders, supra*, at 248. In addition, the guarantors have not shown how restraining the FDIC from going after them, is "necessary and appropriate" to carry out the provisions of Title 11. The guarantors have the burden of showing that the failure to stay the FDIC, would adversely affect the debtors' chances for suc-

---

4.  28 U.S.C. section 1471 provides that:

    Jurisdiction.

    (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

    (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

    (c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

    (d) Subsection (b) or (c) of this section does not prevent a district courts [sic] or a bank-

ruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

    (e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

5.  See, 11 U.S.C. section 105(a).

6.  If the Chapter 11 cases were converted to Chapter 7 cases the guarantors undoubtedly would contend that the FDIC should be stayed until it can be determined what the FDIC will receive upon liquidation.

cessful reorganizations: they have failed to meet this burden. Accordingly, the court will not restrain the FDIC from enforcing the state court judgment against the guarantors.

Settle order on three (3) days notice.