## Caspescha v. Plum

*Jestyn G. Payne*, for plaintiffs.
*David E. Prewitt*, for defendants.

SCHAEFFER, *J.*, November 23, 1982—George L. Capescha and Renee J. Caspescha (plaintiffs) have instituted an action in assumpsit against Eugene F. Plum, Edith C. Plum, Eugene F. Plum, II and Dolores Fay Plum (defendants) alleging that plaintiffs and defendants guaranteed a loan to Perkiomen Airways, Ltd.; that Perkiomen Airways, Ltd. defaulted on that loan; that plaintiffs paid the indebtedness guaranteed by the loan; that defendants paid nothing on the loan and that, therefore, plaintiffs are entitled to contribution from defendants.

Perkiomen Airways, Ltd. (Perkiomen) is presently involved in a voluntary bankruptcy proceeding under Chapter 11 of the United States Ban-

kruptcy Code.[1]  Defendants have filed preliminary objections.[2]

Defendants' first objection is that plaintiffs' complaint fails to state a cause of action, inasmuch as plaintiffs, if they have any claim at all, have it only against Perkiomen.

The only recorded decision of a Pennsylvania appellate court on the issue indicates that where a guarantor pays more than his share of the principal obligation, and he is in equity and good conscience entitled to a contribution from his co-guarantors, he has a cause of action for such contribution: Hoff v. Kauffman, 282 Pa. 471, 128 A. 120 (1925).

Plaintiffs' complaint states a cause of action upon which relief can be granted.

Defendants' next preliminary objection is that plaintiffs' complaint fails to join an indispensable party, namely Perkiomen.

We disagree.

We see no reason why a guarantor should not be allowed to enforce his right to contribution through an independent and direct claim agsinst a co-guarantor, without joining the principal debtor. No relief is being sought from the estate of Perkiomen. Furthermore, Perkiomen's responsibility to indemnify its guarantors will not be substantially affected by this action.

Perkiomen is not an indispensable party and plaintiffs' failure to join Perkiomen as a defendant is not grounds for dismissing the complaint.

---

1. Pub. L. 95-598, November 6, 1978, 92 Stat. 2549; 11 U.S.C. Section 101 et seq.

2. Defendants also filed supplemental preliminary objections. However, those objections were not briefed; therefore, they were waived and will not be considered.

Defendants' final preliminary objection is that because plaintiffs' cause of action is based on loan guarantees made to Perkiomen and because Perkiomen is presently involved in voluntary bankruptcy proceedings, this action is stayed by the Bankruptcy Code.

In support of this contention defendants cite the Automatic Stay provision of Section 362 of the Bankruptcy Code,[3] which reads as follows:

Section 362. Automatic Stay

(a) except as provided in subsection (b) of this section, a petition filed under sections 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the *debtor* that arose before the commencement of the case under this title. (Emphasis supplied.)

Inasmuch as Section 362 expressly applies to actions against a "debtor" we first examined the Bankruptcy Code to find the definition of that term. The term "debtor" is defined in the General Provisions as a "person or municipality concerning which a case under this title has been commenced.[4]

3. Pub. L. 95-598, November 6, 1978, 92 Stat. 2570; 11 U.S.C. Section 362.

4. Pub. L. 95-598, November 6, 1978, 92 Stat. 2549; 11 U.S.C. Section 101.

Said definition leads us to conclude that in the Bankruptcy Code "debtor" is generally intended to include only debtors in bankruptcy, not non-bankrupt parties who have not filed for relief under that title.

Next, we searched the relevant case law. That search revealed that Bankruptcy Courts, in Chapter 11 bankruptcy cases, have uniformly held that the automatic stay provisions of Section 362 do not apply to actions against the guarantors of a loan made to a bankrupt debtor. In re Earth Lite, Inc., 9 B.R. 440 (Bankruptcy M.D. Fla. 1981); In re Larmar Estates, Inc., 5 B.R. 328 (Bankruptcy E.D. N.Y. 1980).

Plaintiffs' action against defendants, as coguarantors of a loan to Perkiomen, is not stayed because of Perkiomen's involvement in Chapter 11 bankruptcy proceedings.

For the reasons stated in this opinion, defendants' preliminary objections are meritless.[5]

Accordingly, we enter the following

## ORDER

And now, November 23, 1982, defendants' preliminary objections are dismissed and defendants are given 20 days to file an answer to plaintiffs' complaint.

---

5. After this case was argued, plaintiffs filed an amended complaint and defendants filed preliminary objections thereto. The issues raised by those pleadings are not before the court at this time and will not be considered until properly raised.