**In re ACCURATE DIE CASTING COMPANY, Debtor,**

**ACCURATE DIE CASTING COMPANY, Debtor and Debtor in Possession, Plaintiff,**

v.

**DISTRICT 54, INTERNATIONAL ASSOCIATION OF MACHINISTS, et al., Defendants.**

No. B85–2596.

Adv. No. B86–0083.

United States Bankruptcy Court, N.D. Ohio, E.D.

April 18, 1986.

David O. Simon, Dettlebach & Sicherman Co., L.P.A., Cleveland, Ohio, for Accurate Die Casting.

Margery E. Lieber, Washington, D.C., for N.L.R.B.

David Roloff, Gaines & Stern Co., L.P.A., Cleveland, Ohio, for Dist. 54, Intern. Ass'n of Machinists.

RANDOLPH BAXTER, Bankruptcy Judge.

MEMORANDUM OF OPINION AND ORDER

This matter is before the Court upon the motion of Accurate Die Casting Company, a Chapter 11 Debtor In Possession (DIP), seeking injunctive relief which, if granted, would preliminarily enjoin the National Labor Relations Board (NLRB) from continuing to administratively adjudicate an action filed with the NLRB by Local Lodge # 439, District 54, International Association of Machinists and Aerospace Workers (Union).[1] More specifically, the DIP seeks injunctive relief against the NLRB until this Court can adjudicate issues raised in the DIP's earlier-filed Complaint to enjoin alleged violations of the automatic stay afforded by Section 362 of the United States

---

1. The Union's complaint filed with the NLRB, *inter alia,* alleged that the DIP had violated the provisions of Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act (NLRA), 29 U.S.C. 158(a)(1) and 158(a)(5).

Bankruptcy Code. That adversary proceeding is also against the NLRB and the Union and is premised upon the same administrative charge filed by the Union with the NLRB.

## FACTS

The following facts are pertinent to the Court's determination of the matter at bar:

1. During the period of 1973 through 1985, the Union was a duly recognized bargaining agent with the DIP's Cleveland, Ohio operations;

2. In September of 1985, the Union filed a grievance with the DIP, alleging a failure of the DIP to bargain with the Union regarding terms of employment and benefits allegedly due the Union. The Union during the same time period, filed a civil action in the District Court for the Northern District of Ohio against the DIP, seeking injunctive relief to prevent the DIP from encumbering or otherwise disposing of its assets until certain disputes were resolved;

3. Also, in September of 1985, the most recent collective bargaining agreement between the union and the DIP expired;

4. On October 15, 1985, the DIP caused to be filed its Chapter 11 petition and ceased operations at its Cleveland, Ohio facility;

5. The District Court entered an order staying the Union's action in that Court in view of the DIP's bankruptcy petition;

6. In January of 1986, the Union filed an administrative charge against the DIP with the NLRB;

7. In response thereto, the DIP filed its Complaint with this Court seeking to enjoin the NLRB's administrative action;

8. The NLRB issued its Complaint against the DIP, alleging certain violations of the NLRA and an alleged failure and refusal of the DIP to bargain collectively and in good faith

with the Union. The NLRB's Complaint further required the DIP to file a response thereto within a thirty-day period or be subjected to a summary disposition of the administrative complaint. The DIP's instant motion was filed.

The gravamen of the movant's contentions is that it would be irreparably harmed and damaged if it is required to file an answer to the NLRB's administrative complaint before this Court issues a ruling on its Complaint to enjoin the NLRB from alleged automatic stay violations under 11 U.S.C. § 362. The DIP bases this contention on the NLRB's indication that it (NLRB) would seek summary judgment on its administrative complaint should the DIP fail to timely respond. The DIP further contends that any delay of the NLRB's proceedings will have no substantive effect on any of the parties, and that should this Court rule adversely to the DIP on its Complaint against the NLRB to enjoin automatic stay violations, the NLRB's proceedings can still be timely completed.

Rather than respond directly to the DIP's motion for preliminary injunction, the NLRB filed its motion to dismiss the DIP's amended complaint for injunctive relief. Therein, however, the NLRB avers that requiring the DIP to respond to its administrative complaint will not constitute an irreparable harm to the DIP, and further contends that a mere necessity to expend funds to oppose an administrative proceeding does not constitute a threatened harm to the DIP.

The instant question for the Court's determination is whether the Bankruptcy Court should enjoin the NLRB from proceeding with its administrative complaint against the DIP, and without requiring a response from the DIP until this Court can adjudicate the DIP's Complaint to enjoin stay violations on the merits.

Although this Court is cognizant of its power to issue any order, process, or judgment that is necessary or appropriate to effectuate the several provisions of the Code under the authority of 11 U.S.C.

105(a), this question should most properly be determined by an application of the usual rules relating to the grant or denial of injunctions. *See, In re Larmar Estates, Inc.*, 5 B.R. 328, 331; 6 B.C.D. 711, 713 (Bkrtcy.E.D.N.Y.1980). Within the Sixth Circuit, the following considerations are prerequisites in deciding whether to grant or deny a preliminary injunction:

1. Whether the Plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
2. Whether the Plaintiffs have shown irreparable injury;
3. Whether the issuance of a preliminary injunction would cause substantial harm to others;
4. Whether the public interest would be served by issuing a preliminary injunction.

*See, In re Marion Steel Co.*, 35 B.R. 188, 194 (Bankr.N.D. Ohio 1983).

Upon consideration of these factors, and in view of the factual context presented, the DIP has failed to sufficiently meet the requirements of this four-pronged test. The grant or denial of a preliminary injunction is a matter within the sound discretion of the trial court. *Buffler v. Electronic Computer Programming Institute, Inc.*, 466 F.2d 694 (6th Cir.1972). Rule 52, Fed. R.Civ.P., requires the Court to make specific findings concerning each of the four (4) factors, unless fewer are dispositive of the issue. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir.1985); *citing United States v. School District of Ferndale*, 577 F.2d 1339, 1352 (6th Cir.1978).

In addressing the first of the four factors, whether the DIP has shown a strong or substantial likelihood or probability of success on the merits, a ruling on this factor may be deferred, but must be balanced against the remaining three factors. The Sixth Circuit, in *DeLorean, supra*, at 1229, in clarifying how the "likelihood of success" factor would be determined, held that the degree of likelihood of success required may depend upon the strength of the other factors. It went on to hold that "the four factors applicable to a preliminary injunction decision are factors to be balanced, not prerequisites to be met." *Id.* adequately addressed this concern when it held that "mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 23–24, 94 S.Ct. 1028, 1042, 39 L.Ed.2d 123 (1973). Further, this Court notes that the NLRB's administrative hearing is not scheduled until June 9, 1986, which post-dates this Court's scheduled hearing on the DIP's Complaint. Even within the purview of 11 U.S.C. 105(a), no irreparable harm would be found in this situation. In the absence of a clear showing of the threat of irreparable harm, an injunction may not issue under § 105 or Rule 65, Fed.R.Civ.P.. *In Re Baldwin United Corp.*, 48 B.R. 901, 902 (Bankr.S.D. Ohio 1985), *quoting Friendship Materials, Inc., v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir.1982). Responding to the NLRB by filing an answer cannot be found to represent irreparable harm to the DIP. The DIP has not demonstrated that preparing a response to the NLRB Complaint would threaten the estate's assets or would otherwise harm the viability of the DIP's economic condition or successful reorganization before this Court can render a ruling on the DIP's Complaint regarding alleged stay violations.

A pretrial on the DIP's Complaint is scheduled for April 23, 1986, and the NLRB's hearing is not scheduled until June 9, 1986. Even the DIP has acknowledged in its pleading that if this Court rules adversely to its position, the proceedings before the NLRB can still be timely completed. DIP's Brief at 3. In light of the DIP's awareness that neither party would be harmed in preparation for the hearing on the NLRB Complaint, should this Court rule against the DIP's Complaint on the merits, the DIP's present allegations of harm are unpersuasive.

The third and fourth factors to be considered by the Court have not been specifically addressed by the movant and, accordingly, the Court is without substance to

determine whether either factor would weigh in favor of the issuance of a preliminary injunction. Thusly, utilizing either a required four-element test or a balancing test of the four elements, the DIP has failed to establish that it is entitled to receive the injunctive relief it seeks.

For the foregoing reasons, the movant's motion for a preliminary injunction is hereby denied.

IT IS SO ORDERED.