In re NORTHLAKE BUILDING PARTNERS, an Illinois Limited Partnership, Debtor.

NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Plaintiff,

v.

NORTHLAKE BUILDING PARTNERS, an Illinois Limited Partnership, Defendant.

Bankruptcy No. 81 B 12214.
Adv. No. 81 A 3988.

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 13, 1982.

David N. Missner, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for debtors.

Robert R. Tepper and Mary Fahey, Rosenthal & Schanfield, Chicago, Ill., for creditors.

## ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard upon motion for a judgment of the Plaintiff, NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY (Plaintiff), represented by ROBERT R. TEPPER, Attorney at Law, on Plaintiff's motion filed on December 10, 1981, to delineate the scope of the automatic stay to proceed against the principals of the Debtor Partnership, and

The Court having examined the pleadings filed in the matter, having heard the arguments of counsel and the Court being fully advised in the premises;

The Court Finds:

1. The above captioned reorganization proceeding was filed on October 5, 1981, by the Debtor, NORTHLAKE BUILDING PARTNERS, an Illinois Limited Partnership (Defendant), represented by DAVID N. MISSNER, Attorney at Law. On December 3, 1981, Plaintiff filed a complaint to lift or modify the automatic stay to proceed with a two count foreclosure action pending in the U.S. District Court for the Northern District of Illinois, Case Number 81 C 2913. Under Count I Plaintiff sought to recover its security, the Northlake Hotel, operated under an Illinois Limited Partnership as a retirement facility. Under Count II Plaintiff sought a money judgment on

the personal guarantees of KENNETH NASLUND (Naslund), who was the principal manager of the Hotel and one of the principals of the limited partnership. On December 10, 1981, Plaintiff filed a motion to delineate the scope of the stay so as to proceed on Count II for a money judgment against Naslund and other principals of the Debtor. On December 21, 1981, Defendant filed an application to remove the District Court action, and on December 30, 1981, Plaintiff filed a motion to remand. On June 22, 1982, this Court entered a memorandum opinion and order ruling that the stay should remain in effect and denied Plaintiff's complaint to lift or modify the stay filed on December 3, 1981. On June 22, 1982, the Court entered an order denying Plaintiff's motion to remand filed on December 30, 1981.

■ 2. In its order denying the complaint to lift or modify the automatic stay this Court held in relevant part as follows:

10. In the instant case, the Court must conclude that the Plaintiff has not met its burden of proof. The testimony and exhibits presented show that the Defendant does have an equity in the property. The evidence shows that while interest does continue to accrue, Defendant is making current mortgage payments and payments on taxes. The testimony shows that the Defendant has paid the Plaintiff the sum of $95,000.00 subsequent to the filing of the reorganization proceeding. Under these circumstances, the Defendant, under the Court's protection, should be given further opportunity to seek funding, file and consummate a plan of arrangement. *In view of the Defendant's payments towards its obligation, Plaintiff is adequately protected pending the final disposition of the reorganization proceeding.* (emphasis supplied.)

In its order denying Plaintiff's motion to remand this Court held in relevant part as follows:

2. On May 26, 1981, Plaintiff filed a two count complaint in the United States District Court against the Defendants seeking to foreclose on a mortgage on the Debtor's single asset, Northlake Hotel under Count I, and seeking a money judgment against the Debtor and Debtor's principal KENNETH NASLUND on guarantees on a note securing the above described mortgage under Count II. On July 27, 1981, Plaintiff and Defendants entered into an agreed order for curing a default with the provision that non-compliance would result in a judgment *pro confesso* with execution to be stayed for 60 days. On October 5, 1981, Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy code, and *on December 10, 1982, Plaintiff filed a motion for clarification of the automatic stay to proceed against Defendants on Count II. On December 21, 1981, the Debtor removed the cause of action to this Court.*

3. Upon review of the proceedings before the District Court, the application of Plaintiff to remand and the application of the Debtor for removal, *it appears that since the Debtor and its principals are defendants in the suit, any judgment on Count I or Count II will affect their ability to reorganize under Chapter 11.* The state law questions raised in the District Court suit are questions of Illinois law, with which the Bankruptcy Court is well versed. Moreover, a bifurcation of jurisdiction over the property of the estate will only hinder their reorganization proceeding. (emphasis supplied)

3. On July 2, 1982, Plaintiff filed a notice of appeal from this Court's order of June 22, 1982, denying the complaint to lift or modify the automatic stay, and the designation of record was due on July 12, 1982, pursuant to Rule 806 of the Bankruptcy Rules of Procedure. On July 19, 1982, the Clerk of the Court ceased work on the appeal pursuant to Rule 802 of the Bankruptcy Rules of Procedure, for Plaintiff's failure to timely file the designation of record. On October 7, 1982, three months after the Court's orders of June 22, 1982, Plaintiff filed the instant motion for judgment on its December 10, 1981, motion to delineate the scope of the stay.

The Court Concludes and Further Finds:

 1. From review of the proceeding it must be concluded that, Plaintiff's motion to delineate the scope of the automatic stay of December 10, 1981, must be denied as being improperly filed as a motion rather than a complaint and as being moot in view of this Court's two orders entered on June 22, 1982. Pursuant to Section 362 of the Bankruptcy Code, Rules 701 and 703 of the Bankruptcy Rules of Procedure and Interim Rule 4001(b) a complaint and not a motion must be filed to modify the automatic stay provisions. *In re Holtkamp,* 669 F.2d 505, 509 (7th Cir.1982). As set forth previously, this Court held on June 22, 1982, in its two orders, that Defendant has an equity in the property, and that proceeding to judgment against the Debtor or its principals on Counts I or II would severely effect the Debtor's ability to rehabilitate. These decisions were reached after extensive hearings and presentation of convincing evidence that Plaintiff is adequately protected during the pendency of this proceeding. The issues raised in the December 10, 1981, motion have been tried and ruled upon, and at no time before October 7, 1982 (three months after this Court's order of June 22, 1982, and two months after the time for appeal had elapsed, July 20, 1982) did Plaintiff orally or in writing make any representations to the contrary.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion to delineate the scope of the automatic stay filed December 10, 1981, be, and the same is hereby denied.