In re COMARK, Limited Partnership, Debtor.

Sam JONAS, Chapter 7 Trustee, Plaintiff,

v.

Robert NEWMAN, an individual, Defendant.

Bankruptcy No. SA 82–03850–RP.
Adv. No. SA 85–0530.

United States Bankruptcy Court,
C.D. California.

Oct. 23, 1985.

See also, 49 B.R. 22.

Theodore B. Stolman, of Stutman, Treister and Glatt, Los Angeles, Cal., for trustee.

Alan J. Saxe, of Hersh and Stoll, Newport Beach, Cal., for Robert Newman, defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE PRELIMINARY INJUNCTION

RALPH G. PAGTER, Bankruptcy Judge.

The matter of Plaintiff's Request for a Preliminary Injunction came on for hearing before the undersigned Bankruptcy Judge on the date, time and place indicated above. Appearing at the hearing were Theodore B. Stolman, a member of Stutman, Treister & Glatt Professional Corporation, Counsel for Plaintiff, Sam Jonas, Chapter 7 Trustee, and Alan J. Saxe of Hersh & Stoll, a Professional Corporation, Counsel for Defendant Robert Newman, an individual.

The Court having considered the record of the case, the declarations and pleadings

submitted in support of and in opposition to the issuance of a preliminary injunction, the evidence adduced at the hearing and the argument of Counsel, and the Court being otherwise advised and finding good cause for the issuance of a preliminary injunction, now enters its Findings of Fact and Conclusions of Law, as follows:

## FINDINGS OF FACT

1. Plaintiff, Sam Jonas, is the duly appointed and acting Chapter 7 Trustee for Comark, a California Limited Partnership, which is the Debtor in a proceeding now pending before the Court.

2. The Comark bankruptcy proceeding was commenced upon the filing of an involuntary petition in bankruptcy on September 1, 1982, following which an order for relief was entered on September 22, 1983.

3. Robert W. Bell ("Bell") and E. Keith Owens ("Owens") have at all times material hereto been the sole general partners of Comark.

4. On or about May of 1983, defendant Newman commenced an action in the United States District Court, Central District of California C.V. No. 80–83–3184–MRP, for the purpose of recovering certain alleged obligations owed to Newman by Comark, and Bell and Owens as general partners of Comark.

5. On or about October 18, 1983, counsel for the Trustee notified the District Court of the pendency of the Comark bankruptcy proceeding and the fact that under the automatic stay provisions of Section 362(a) of the Bankruptcy Code all causes of action against Comark were stayed pending further order of the Bankruptcy Court.

6. On November 9, 1983, counsel for the Trustee further notified the District Court in writing that the automatic bankruptcy stay was applicable only to pending claims against Comark and not as against additional party defendants Bell and Owens. This notification further recited that under the provisions of Section 723 of the Bankruptcy Code, the Bankruptcy Court had the authority to enter an order enjoin-ing all creditors of Comark from prosecuting claims against Comark's general partners pending a determination of whether a deficiency might exist in the Comark bankruptcy estate to satisfy all partnership claims.

7. Thereafter, Newman's District Court action continued as against Bell and Owens but not against Comark. On March 22, 1985, Summary Judgment was entered in favor of Newman and against Bell and Owens for $100,235.68 plus interest.

8. Starting in may 1985, Newman recorded his judgment with the Secretary of State of California and further recorded abstracts of judgment in certain counties other than Orange County.

9. In addition, Newman successfully levied upon a Mercedes Benz automobile owned by Owens.

10. On July 29, 1985, the Trustee commenced an action against Newman for Permanent Injunction Preventing Enforcement of Liens and Levies on Property and further filed an Application for Temporary Restraining Order to enjoin Newman from further enforcing any of his claims against Bell and Owens including the judgment he obtained in the District Court.

11. Also on July 29, 1985, Trustee filed actions against Bell and Owens to hold each accountable for any deficiency found to exist in the Comark bankruptcy estate and to require Bell and Owens to indemnify the Comark bankruptcy estate for any deficiency, including the imposition of liens upon all of the non-exempt property of Bell and Owens. Additional temporary restraining orders were requested to prevent Bell and Owens from transferring property.

12. On August 23, 1985, the Court entered its Order Granting Plaintiff's Application for Temporary Restraining Order, thereby enjoining Newman from enforcing any claims against Bell and Owens, including but not limited to his Federal District Court judgment.

13. The Court also entered Orders enjoining Bell and Owens from transferring

any property and imposing liens upon all non-exempt property of Bell and Owens to indemnify the Comark bankruptcy estate for any deficiency.

14. At the time of the filing of the Trustee's action against Newman to enjoin his further enforcement of claims against Bell and Owens, Bell and Owens had real property interests located in Orange and Los Angeles counties; partnership interests, stock interests, personal property interests including bank accounts, household possessions and jewelry, and negotiable securities in the form of promissory notes.

15. But for the issuance of the Temporary Restraining Order and a Preliminary Injunction, Newman would continue to enforce his claims and judgment against Bell and Owens by perfecting such claims against property interests of Bell and Owens by further seizures, levies or recordings.

16. The further enforcement of Newman's claims against Bell and Owens is adverse to the interest of the Trustee and the estate of Comark in that the enforcement of Newman's claims against Bell and Owens will result in a diminution of the property or property interests of Bell and Owens available for satisfying Comark bankruptcy creditor claims, including Newman's. In addition, if Newman is not restrained from enforcing his claims against Bell and Owens, it will likely result in action by other creditors of Comark to "race to the courthouse" to enforce their claims against Bell and Owens. Further, the continued enforcement of Newman's claims against Bell and Owens, will likely result in the filing of an involuntary bankruptcy proceeding against Bell and Owens, which might be detrimental to the enforcement of the Trustee's deficiency claims against Bell and Owens.

17. Unless Newman is restrained from further enforcing his claims against Bell and Owens, the Comark bankruptcy estate will suffer irreparable harm and damage in that Newman will obtain a preferred position for himself to the detriment of other partnership creditors and to the detriment

of the Trustee's ability to recover any deficiency in the Comark estate against Bell and Owens.

## CONCLUSIONS OF LAW

18. To the extent any of the foregoing Findings of Fact are deemed Conclusions of Law, such Findings of Fact are incorporated herein by reference. Further, to the extent any Conclusions of Law are deemed Findings of Fact, such Conclusions of Law shall be deemed Findings of Fact.

19. Under the provisions of 28 U.S.C. § 1334, in combination with § 105(a) of the Bankruptcy Code, the Bankruptcy Court has jurisdiction and power to enjoin the prosecution of actions against non-debtors where the action is related to a Title 11 case.

20. Under Section 723 of the Bankruptcy Code, a general partner of a partnership debtor is liable for any deficiency of the partnership estate to the extent that the claims of all partnership creditors are not paid in full. Further, under Section 723(e) the Court may use its injunctive powers under Section 105 to enjoin partnership creditors from levying or liening a partner's property for such partnership claims. See Report of the Committee on the Judiciary, House of Representatives, to accompany H.R. 8200, H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 1977, at 199, U.S.Code Cong. & Admin.News pp. 5787, 6159.

21. Since the payment of partnership debt includes the Trustee's ability to recover as against the property interests of the general partners of a debtor partnership, the general partner's assets are considered part of the general fund to which the bankruptcy estate may look to satisfy partnership debts. Hence, the disposition of the general partners' property is a property interest arising and related to a partnership case under Chapter 11.

22. The issuance of a mandatory injunction is necessary in this case to protect the Trustee's interest in the property or property interests of the general part-

ners of Comark from being adversely affected by the enforcement of Newman's claims against such partners.

23. The failure to issue a mandatory injunction will result in irreparable harm and damage to the Comark bankruptcy estate since Newman will be able to enforce his claims against the property and property interests of Bell and Owens to the detriment of the Comark bankruptcy estate.

24. At no time prior to the issuance of the Court's Preliminary Injunction did Newman have a perfected claim or judgment lien against any property or property interests of Bell or Owens other than the Mercedes Benz automobile of Owens which was seized by Newman. The recording of Newman's judgment with the Secretary of State did not reach any property of Bell or Owens, since such property of Bell and Owens was not the type of property that could be subjected to a lien by the mere recording of a judgment with the Secretary of State. (Section 697.530 of the California Code of Civil Procedure.) Similarly, the abstracts of judgment recorded by Newman did not perfect any liens against any property of Bell and Owens since neither Bell nor Owens have real property in the counties wherein Newman recorded his judgment.

25. Good cause exists to issue a Preliminary Injunction enjoining Newman from further enforcing or perfecting his claims against Bell or Owens, since such action will be adverse to the interest of the Comark bankruptcy estate, and will further result in a race for the courthouse by other partnership creditors to enforce their claims against Bell and Owens.