**In re FOWLER FLOOR & WALL COVERING CO., INC., Debtor.**

**C. Norman FOWLER and Carol Fowler, Plaintiffs,**

v.

**C.H. MASLAND & SONS and Burlington Industries, Defendants.**

Bankruptcy No. 5–86–00320.
Adv. No. 5–88–0068.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 14, 1988.

Richard Hodges, O'Malley, Harris & Schneider, P.C., Scranton, Pa., for defendants.

Stephen G. Bresset, Honesdale, Pa., for plaintiffs/debtor.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the court on a complaint seeking to enjoin State Court actions against the plaintiffs. For the reasons provided herein, we deny the plaintiff's request for a preliminary and permanent injunction enjoining the defendants, their attorneys, agents, employees, and successors from proceeding with or continuing in any manner the State Court actions filed against the plaintiffs.

On or about May 12, 1986, the debtor filed a Chapter 11 petition in the United States Bankruptcy Court for the Middle District of Pennsylvania. Approximately, two years later on or about May 20, 1988, defendant, Burlington Industries (hereinafter "Burlington") obtained a money judgment against C. Norman Fowler and Carol Fowler, his wife, in the Court of Common Pleas of Lackawanna County, Pennsylvania, said judgment being in the approximate amount of $1,432.62. Thereafter, on May 20, 1988, Burlington filed a Praecipe for Writ of Execution which was served upon C. Norman Fowler and Carol Fowler. Defendant, C.H. Masland & Sons (hereinafter "Masland") obtained a money judgment against C. Norman Fowler in the approximate amount of $7,551.26, plus costs and interests in the Court of Common Pleas of Lackawanna County, Pennsylvania, on July 13, 1987. A Praecipe for Writ of Execution was filed on June 6, 1988 and served upon C. Norman Fowler.

The plaintiffs allege that "continuation of the State Court actions will require extensive discovery including, but not limited to, preparation for hearings, depositions of various parties, requests for production of documents presently in the possession of the defendants, requests for admissions, extensive interviewing of prospective witnesses including employees and agents of the debtor, and other proceedings." (See Complaint at Paragraph 7). Additionally, the plaintiffs allege that because they are the principal operating officers of the debtor continuation of the State Court proceedings will adversely affect the estate, the reorganization process and the creditors because the plaintiffs will be distracted from their duties to the debtors' operation and will be unable to continue devoting their full attention to the debtor's business, thus resulting in irreparable harm to the estate. Finally, plaintiffs assert that if defendants are not enjoined the debtor will not be able to successfully reorganize, possibly forcing it into a forced liquidation to the detriment of the estate and its creditors.

The plaintiffs rely on the automatic stay of § 362 and the general power given to the Bankruptcy Court by § 105. Since the plaintiffs requesting relief in this case are other than the debtor, the source of the Court's power will not be § 362, which applies to certain acts and proceedings against either the debtor or the estate, but § 105. The first issue for resolution is

whether or not this Court has authority under § 105 to grant stays or injunctions in situations where the debtor is not the subject of the injunction request. The Court in *In re Monroe Well Service, Inc.* at 67 B.R. 746 (Bankr.E.D.Pa.1986) wrote on this very issue the following at Page 751:

"The large majority of the courts which have considered the question have held that the bankruptcy courts have the power to restrain legal action by creditors of the debtor againt non-debtor third parties, in certain circumstances, pursuant to 11 U.S.C. § 105."

See also *In re Landmark Air Fund II*, 19 B.R. 556 (Bankr.N.D.Ohio 1982); *In re Larmar Estates, Inc.*, 5 B.R. 328 (Bankr.E. D.N.Y.1980); and *In re Otero Mills, Inc.*, 21 B.R. 777 (Bankr.D.N.M.1982), aff'd., 25 B.R. 1018 (D.N.M.1982).

This Court finds much guidance in the case of *In re Monroe Well Service, Inc., supra.* The *Monroe* court emphasized that the usual rules for granting an injunction will determine whether or not a third party non-debtor can be enjoined from certain actions. To be successful in a request for an injunction, the plaintiff must show (1) there would be the danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize, (2) there must be a reasonable likelihood of a successful reorganization, (3) the Court must balance the relative harm as between the creditor and the debtor who would restrained, and (4) the court must consider the public interest; this requires the balancing of the public interest in successful bankruptcy reorganizations with other competing societal interests. See *In re Monroe, supra* at pp. 752 and 753, and *Dore and Associates Contracting Co v. American Druggists' Insurance Co.*, 54 B.R. 353, 357–59 (Bankr.W.D.Wis.1985). When exercising their authority under § 105 to restrain creditors from proceeding against non-debtor third parties, Courts have looked to the anticipated adverse impact on the bankruptcy estate. Once again, we look to the *In re Monroe* Court, which writes at page 751:

"As in *Otero Mills,* an injunction may be appropriate when the non-debtor owns assets which will either be a source of funds for the debtor or when the preservation of the non-debtor's credit standing will play a significant role in the debtor's attempt to reorganize. *In re Lahman Manufacturing Co.*, 33 B.R. 681 (Bankr. D.S.D.1983). *See generally Matter of Old Orchard Investment Co.*, 31 B.R. 599 (W.D.Mich.1983); *In re Comark*, 53 B.R. 945 (Bankr.C.D.Cal.1985). In other cases, courts have granted injunctions, at least on a temporary basis, to restrain actions against a principal of the debtor upon a showing that the non-debtor's time, energy and commitment to the debtor are necessary for the formulation of a reorganization plan. *In re Kasual Creation, Inc.*, 54 B.R. 915 (Bankr.S.D. Fla.1985); *In re MacDonald/Associates, Inc.*, 54 B.R. 865 (Bankr.D.R.I.1985); *Matter of Provincetown Boston Airlines, Inc.*, 52 B.R. 620 (Bankr.M.D.Fla. 1985); *Matter of Rustic Manufacturing, Inc.*, 55 B.R. 25 (Bankr.W.D.Wis.1985); *In re Northlake Building Partners*, 41 B.R. 231 (Bankr.N.D.Ill.1984). In another group of cases, courts have issued injunctions against creditors where the relationship between the non-debtor and debtor is such that a finding of liability against the non-debtor would effectively be imputed to the debtor, to the detriment of the estate. The harm to the estate may occur due to the impact of the doctrine of collateral estoppel. *In re MacDonald/Associates; In re Lion Capital Group*, 44 B.R. 690 (Bankr.S.D. N.Y.1984); *In re Johns–Manville*, 26 B.R. 420 (Bankr.S.D.N.Y.1983), aff'd, 40 B.R. 219 (S.D.N.Y.1984)."

While the Fowlers have indicated that the continuation of the State Court lawsuits will adversely affect their reorganization plans, we disagree. The plaintiffs do not indicate that debtor's funds are scheduled to be used or will be used to pay the non-debtor creditor. Additionally, the plaintiffs have alleged that so much of the debtor's principals time and effort will be used to litigate these lawsuits that the reorganization effort will be hampered. We note that the lawsuits in question have

**58**

already gone to judgment and, regardless, the amount of both lawsuits totals approximately $9,000. While this Court does not minimize the importance these lawsuits may have on plaintiffs individually, they do not involve complicated legal issues. The basis of the lawsuits are personal guarantees signed by the individuals.

We note the plan of reorganization has already been approved by this Court. We find it very convenient that the plaintiffs request this Court to enjoin an action in State Court for an unlimited amount of time because of a possibility that the reorganization plan might be hampered. We remind the debtor that its plan of confirmation and the order confirming its plan provide that confirmation was not likely to be followed by a liquidation or a need for further financial reorganization. In this regard, the debtor has filed an objection to Burlington's claim indicating that the debtor is not even indebted to Burlington Industries in any amount. The plaintiff indicates the debtor maintains five or six full time employees and we note that Mr. Fowler is not the sole officer of the corporation. In short, if a situation arises in which the principals of the debtor must participate in any litigation in State Court, their absence will not be lengthy and will have minimal impact on the reorganization effect.

Based on the foregoing, we find there is a reasonable likelihood of a successful reorganization and because of the minimal effect the lawsuits will have on the estate and reorganization process, we do not see any imminent or irreparable harm to the estate or the debtor's ability to reorganize.

The public interest is served because we find this bankruptcy reorganization will not be hampered by the continuation of the lawsuits and there will be no harm done to the debtor.

Consequently, we find plaintiffs have not met their burden to convince this Court to enter an injunction enjoining the defendants from proceeding to collect on the judgments obtained against the plaintiffs.

IT IS SO ORDERED.