## Louis Bernstein v. J. M. Hineman, Appellant.

*Bailments — Automobiles — Repairs — Lien for repairs — Sale by bailee—Act of December 14, 1863, P. L. 1127.*

A bailee who sold an automobile left with him for repairs, without complying with the requirements of the Act of December 14, 1863,

P. L. 1127, cannot revive his right to a lien for the cost of such repairs, by subsequently securing possession of the machine from the party who purchased it from the original vendee.

The unqualified sale to the original vendee constituted a conversion. The possession passed out of the bailee, and possession is essential to the maintenance of a lien.

In an action of trespass against the bailee by the owner of the machine for the value of the same, a judgment in favor of the plaintiff will be sustained.

Argued April 20, 1925. Appeal No. 98, April T., 1925, by defendant, from decree of C. P. Beaver County, June T., 1919, No. 426, in the case of Louis Bernstein v. J. M. Hineman. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover value of automobile truck left with the defendant for repairs. Before READER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $420.00 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points, and refusal of defendant's motion for judgment non obstante veredicto.

*D. A. Nelson,* for appellant.—The sale by the bailee did not work a conversion: Estey Co. v. Dick, 41 Pa. Sup. Ct. 610; Leitch v. Sanford Motor Truck Co., 279 Pa. 160; Yeager v. Wallace, 57 Pa. 365.

*William A. McConnel,* and with him *S. P. McConnel,* for appellee.—The sale constituted a conversion of the plaintiff's property and made the defendant liable for such conversion: Forster v. Juniata Bridge Company, 16 Pa. 393; Etter v. Bailey, 8 Pa. 442; Croft v. Jennings, 173 Pa. 216; Rogers v. Grothe, 58 Pa. 414; Davis v. Bigler, 62 Pa. 242; Adams Express Company v. Schlessinger, 75 Pa. 246.

Opinion by Henderson, J., July 9, 1925:

The plaintiff being the owner of a used Studebaker truck placed it in the custody of the defendant for repairs; the latter having a garage and automobile repair shop. The repairs were made; whereupon the plaintiff was notified of the fact and demand was made for payment. The plaintiff neglected or refused to pay the repair bill and thereupon, as alleged, he was notified that unless payment was made the truck would be sold for the recovery of the amount of the bill. Soon afterward the defendant sold the truck to one Rose. No notice of the sale was given by advertisement, nor was attention paid to the law as prescribed in the Act of December 14, 1863, P. L. 1127, which directs the procedure for enforcing a lien such as the defendant had. Sometime after the sale to Rose, he sold the truck to a man named Walton. The latter was later arrested for driving without a license and was brought before a magistrate on that charge. The defendant learned at the hearing in that case that his sale of the truck to Rose was without lawful authority. Possessed of that information, he entered into negotiation with Walton and bought the truck from him after it had been in use for some time. The day following the purchase from Walton, according to the defendant's evidence, the plaintiff demanded the truck, but the defendant refused to deliver it until the lien for repairs was satisfied. The plaintiff denied that he had any negotiation with the defendant about the truck on the 25th of September or afterward. The action is trespass for the conversion of the property. The defense presented was the alleged lien for repairs and the public sale of the truck by the defendant in enforcement of his lien. The court held that by the unqualified sale to Rose the defendant's lien was discharged. That this ruling was correct may be seen by reference to Davis v. Bigler, 62 Pa. 242; Boys Novelty Suit Co. v. Garfield, 76 Pa.

Superior Ct. 365. The defendant clearly undertook to pass the title of the truck to Rose; that constituted a conversion; the possession passed out of him, and possession is essential to the maintenance of the lien. It was no doubt within the power of the defendant to transfer the possession of the truck with the accompanying lien to Rose, for the Act of 1863 gives a statutory lien which may be transferred like any other claim for money, and the possession could rightly follow such transfer, but nothing of the kind was here attempted. The defendant supposed he had a right to sell the property to secure his claim and proceeded on that theory. This amounted to a conversion. In the operation, he secured the payment of the bill he had against the plaintiff and it cannot be successfully contended that his subsequent acquisition of the property restored the claim to life and resubjected the property to a procedure under the bailment act. The case of Rogers v. Grothe, 58 Pa. 414, on which the appellant relies does not support the contention that the sale to Rose carried with it the lien. In that case the bailee "transferred the horse with all his claims upon him." This was the offer of proof on which the case turned. The property in the possession of the bailee being a security for the claim, the transfer of the debt with the possession of the property carries with it a continuance of the lien. By the transfer, the transferee is substituted in place of the bailee and the latter passes out of sight, but this only takes effect when there has been no fraud or removal of the property out of reach or any other abuse of the original relation of bailment. In the case before us there was an abuse of the bailment in the fact that for a length of time the truck was in use by Rose and Walton, each of whom claimed to be its owner during the time it was in his possession, and there was a depreciation of the value of the property in violation of the owner's right. In no aspect of the case therefore do we find a standing place to hold

that the defendant ever put himself in position to justify his action with respect to the control of the property.

It is clear that no demand by the plaintiff was necessary before instituting an action. The defendant having sold the property and delivered the possession made himself liable as a trespasser: Etter v. Bailey, 8 Pa. 442; Croft v. Jennings, 173 Pa. 216.

Evidence of the price at which the truck was sold at public sale was properly excluded. The plaintiff's right of action arose when the defendant made the sale to Rose. The price at auction many months afterward at an adjourned sale furnished no standard of the value at the time of the conversion. The court rightly construed the law applicable to the facts and it follows that the judgment is affirmed.