**In re Ronald P. BURKE, Debtor.**

**Bankruptcy No. 80–01070K.**

United States Bankruptcy Court, E. D. Pennsylvania.

July 30, 1980.

Ronald D. Ashby, Media, Pa., for debtor.

Margaret Graham, Philadelphia, Pa., trustee.

Matthew Donaldson, Jr., Media, Pa., for creditor-Murphy's Ford Company.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In the instant case, debtor, Ronald P. Burke, has asked the court to exercise its equity powers and to restrain the defendant, Murphy Ford Company ("Murphy") from maintaining possession and control of a motor vehicle allegedly owned by the debtor. Because we find that the debtor has failed to establish that such an extraordinary remedy is justified, injunctive relief will be denied.[1]

On or about May 5, 1980, debtor had a 1979 Ford automobile towed to Murphy for repairs. Pursuant to the authorization of the debtor, $882.83 in repairs were made.

The repairs were completed May 12, 1980. On May 14, 1980, debtor filed a petition

---

1. The following Opinion constitutes findings of fact and conclusions of law in accordance with    Bankruptcy Rule 752.

under Chapter 13 of the Bankruptcy Reform Act of 1978. Debtor then filed the instant petition on May 23, 1980.

By Order dated May 27, 1980, a hearing on the issue of injunctive relief was set for June 5, 1980, but no action was taken on the debtor's request for a temporary restraining order.

The only pleading before us is the debtor's petition for a temporary restraining order. In that petition, debtor claims (1) that the retention of the automobile by Murphy is an attempt to perfect or enforce its garageman's lien and violates the automatic stay provisions of § 362, 11 U.S.C. § 362,[2] and (2) that the subject property is necessary for transportation and that without the restraining order, he will be irreparably harmed.[3]

■ Although the parties have agreed that the sole issue before us centers on the debtor's ability to provide "adequate protection" to Murphy and have briefed the same, the issue has not been raised by the pleading in this case.[4] The issue raised by the petition for temporary restraining order is whether sufficient grounds exist to enjoin Murphy from "maintaining possession and control of said 1979 Ford LTD II automobile . . . "[5]

The traditional standard for the granting of injunctive relief requires the plaintiff to show that in the absence of its issuance, he will suffer irreparable injury and also that he is likely to prevail on the merits. *Doran v. Salem Inn*, 422 U.S. 922, 931, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975). More specifically, the Third Circuit Court of Appeals has consistently identified four (4) factors which must be examined in ascertaining the propriety of the desired relief:

. . . the moving party must generally show (1) a reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. *Delaware River Port Auth. v. Transamerican Trailer Transp. Inc., supra,* [501 F.2d 917,] at 919–20 (3 Cir.); *see A. L. K. Corp. v. Columbia Pictures, Inc.,* 440 F.2d 761, 763 (3d Cir. 1971). Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court "should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest. *Delaware River [Port] Auth. v. Transamerican Trailer Transp., Inc., supra,* at 920. *Constructors Ass'n. of Western Pennsylvania v. Kreps,* 573 F.2d 811 (3rd Cir. 1978).

■ The debtor has failed to show either a reasonable probability of eventual success or that he will be irreparably harmed if the automobile is not released to him. In fact, at the June 5, 1980, hearing, the debtor failed to produce evidence or testimony of any kind. The debtor's bare assertion that the automobile is required for transportation to and from his place of employment is not sufficient proof of irreparable harm.

■ Nor can it be said that debtor is likely to succeed on the merits of this matter. Assuming that a complaint in reclamation is brought to trial, the burden of proof as to ownership of the vehicle would be on the debtor. Based on the verbal arguments of counsel, there is a real and substantial question as to ownership and the debtor's equity in the property. Moreover, assuming the existence of a valid garageman's

2. Petition for a Temporary Restraining Order, ¶ 4.

3. *Id.,* ¶ 6, 7.

4. Adequate protection, as that term is used in § 361, 11 U.S.C. § 361 is applicable to Sections 362, 363 and 364. *See* § 361. Although § 362 is mentioned in the instant pleading, the concept of adequate protection is relevant only when the lifting of the stay is at issue. *See*

§ 362(d)(1). Section 363 which deals with the use, sale or lease of property is clearly not germane to the present discussion. The facts indicate that the property is merely being held by Murphy and not subject to use, sale or lease. Section 364, which governs the obtaining of credit by the estate, has no application to the present issue.

5. *Id.,* p. 2, prayer for relief.

lien, the court would be reluctant to order a possessory lien holder to release the liened property without immediate payment. Debtor has, up to this time, been either unable to or unwilling to provide such payment. Finally, the court finds that the granting of injunctive relief here would harm Murphy, and, quite possibly, prejudice its lienor status. The accepted rule in Pennsylvania with respect to the common law lien is that relinquishment of possession will destroy the garageman's lien, which thereafter cannot be revived by any subsequent reacquisition of possession. *Bernstein v. Hineman*, 86 Pa.Super. 198, 201 (1925). Some courts have taken the position that nonconsensual loss of possession does not destroy the lien, *Young v. Kimball*, 23 Pa. 193 (1854), since such involuntary surrender of possession cannot properly be construed as a waiver of right by the lienor. *See Parks v. "Mr. Ford"*, 386 F.Supp. 1251 (E.D.Pa.1975), *rev'd on other grounds*, 556 F.2d 132 (3rd Cir. 1977). However, in order to justify the requested extraordinary remedy of enjoining Murphy from possessing the automobile, thus providing a nonconsensual loss of possession, a showing of irreparable harm to the debtor is required. As earlier stated, debtor has failed to sustain this burden and the request for injunctive relief is denied.

We also find that Murphy has taken no affirmative action to perfect its lien subsequent to the filing of the petition which can be considered to be in violation of the automatic stay. The subject property was acquired and retained by Murphy prior to the filing of the petition in bankruptcy. This court finds that perfection of the lien occurred prior to the filing and that the mere retention of the automobile by Murphy is not, under this particular factual situation, a violation of the automatic stay.