**In re OTERO MILLS, INC., Employer ID No. 85–0194848, Debtor.**

**OTERO MILLS, INC., Plaintiff,**

v.

**SECURITY BANK & TRUST, Defendant.**

**Bankruptcy No. 82–00217 M L. Adv. No. 82–0373.**

United States Bankruptcy Court, D. New Mexico.

July 1, 1982.

Jennie Deden Behles, Daniel J. Behles, Albuquerque, N. M., for plaintiff.

---

Norman S. Thayer, Gail Gottlieb, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the complaint of plaintiff, Otero Mills, Inc. (Otero Mills), for an injunction to prevent Security Bank & Trust (SB & T) from proceeding on a judgment in Otero County (New Mexico) District Court against Charles J. Dugan (Dugan), president and shareholder of Otero Mills. The facts are as follows:

In April, 1979, Otero Mills executed, for value, a promissory note in the principal amount of $500,000.00. In September of 1979, Otero Mills executed a promissory note in the principal amount of $150,000.00. Both notes were delivered to SB & T, and both notes were guarantied by the continuing guaranties of Dugan. Payments on these notes, due in March and April, 1982, were not made by Otero Mills. On April 23, 1982, SB & T filed suit against Dugan in the District Court of Otero County, New Mexico, to collect on the notes and guaranties. On May 27, 1982, defendant served plaintiff with Notice of Intention to Apply for Default Judgment and on May 28, 1982, plaintiff requested a temporary restraining order from this Court to prohibit the defendant's continuing in state court. That temporary restraining order was denied by Judge Rose, but the order preserved all issues until a hearing on a preliminary injunction. After a hearing to consider a preliminary injunction, this Court granted the preliminary injunction until such time as the parties could adequately argue and this Court could adequately consider the merits of a permanent injunction. Plaintiff's complaint for a permanent injunction was heard on Thursday, June 24, 1982.

### I. JURISDICTION OF THIS COURT TO ENJOIN DEFENDANT'S ACTION AGAINST DUGAN

■ Section 105(a) of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) empowers the bankruptcy court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Included in this provision is the power to issue injunctions under appropriate circumstances. *In re Burke*, 2 C.B.C.2d 973, 5 B.R. 368 (Bkrtcy.E. D.Pa.1980); *In re Larmar Estates, Inc.*, 6 B.C.D. 711, 5 B.R. 328 (Bkrtcy.E.D.N.Y. 1980); *Crown Oil & Wax Co. of Delaware v. Gilece (In re Gilece)*, 1 C.B.C.2d 300, 1 B.R. 762 (Bkrtcy.E.D.Pa.1980); *Andrews v. Blue Cross and Blue Shield of Michigan (In re Clawson Medical Rehabilitation and Paincare Center)*, 4 C.B.C.2d 73, 7 B.C.D. 295, 9 B.R. 644 (Bkrtcy.E.D.Mich.1981). The power to enjoin extends to some cases of a creditor's action against a codebtor or guarantor, but only in limited circumstances. To so enjoin a creditor's action against a third party, the court must find that failure to enjoin would affect the bankruptcy estate and would adversely or detrimentally influence and pressure the debtor through that third party. *In re Burke, supra; In re Larmar Estates, Inc., supra; New Mexico Properties, Inc., v. Commerce Bank & Trust (In re New Mexico Properties, Inc.)*, Adversary Proceeding No. 81–0578 (D.N.M. Nov. 9, 1981); *First Federal Savings and Loan Assn. of Little Rock v. Pettit (In re Pettit)*, 7 B.C.D. 731, 12 B.R. 147 (E.D.Ark.1981); *Landmark Air Fund II v. Bancohio Nat'l Bank (In re Landmark Air Fund II)*, 9 B.C.D. 3, 19 B.R. 556 (Bkrtcy.N.D.Ohio 1982). This power to enjoin assures that a creditor may not do indirectly that which he is forbidden to do directly. Accordingly, 11 U.S.C. § 105 permits this Court to enjoin a creditor's action against a third party codebtor or guarantor when the proper showing is made by the party requesting the injunction.

### II. PROPRIETY OF PERMANENTLY ENJOINING SECURITY BANK & TRUST'S FORECLOSURE ACTION AGAINST DUGAN

■ In order for the Court to enjoin a creditor's action against a codebtor or guarantor, the debtor must show:

1. Irreparable harm to the bankruptcy estate if the injunction does not issue;

2. Strong likelihood of success on the merits; and

3. No harm or minimal harm to the other party or parties.

*In re Burke, supra; In re Larmar Estates, supra; First Fed. Savings & Loan Assn. of Little Rock v. Pettit, supra; New Mexico Properties, Inc., v. Commerce Bank & Trust, supra; Landmark Air Fund II v. Bancohio Nat'l Bank, supra.* Each point will be considered separately as it relates to the evidence presented to the Court during the hearing on the merits.

Plaintiff argues that irreparable harm will occur if foreclosure is allowed because the property on which SB & T intends foreclosure is property which Dugan intends to sell so that the proceeds may be contributed to Otero Mills for the payment of corporate debts.

Plaintiff contends that an orderly sale of Dugan's property will result in a realization of more money with which to pay all of Otero Mills' creditors than would a forced sale upon foreclosure. Plaintiff also presented evidence to the effect that the other creditors of Otero Mills are not likely to cooperate with Otero Mills or to give Otero Mills a chance to sort out its financial problems if they believe that one creditor— SB & T—is being allowed a "first crack" at the assets which were earmarked to pay all creditors. It must be noted here that SB & T put on no evidence disputing Otero Mills' claims of irreparable harm, nor did it address the issue of harm to other creditors if any of the property in question is sold for less than might be received in an orderly, ordinary-course-of-business sale. Accordingly, we find that irreparable harm will come to the debtor if the injunction is not issued.

Success on the merits has been defined as the probability of a successful plan of reorganization in cases such as the one under consideration. *In re Larmar Estates, Inc., supra; Landmark Air Fund II v. Bancohio Nat'l Bank, supra.* Since Otero Mills' plan is not yet due, any attempt at determining probability of success would be mere speculation. However, the debtor is entitled to present a plan which should be considered by all creditors. Allowing SB & T to proceed with foreclosure against Dugan's property would impair Otero Mills' ability to file its plan. An injunction is proper unless or until Otero Mills fails to file its plan within the required time or the plan is not approved.

Security Bank & Trust offered no evidence that it will be harmed by the issuance of the requested injunction. Indeed, SB & T has stipulated in another adversary proceeding relating to this bankruptcy (No. 82–0217) that there is adequate protection on the notes in question until at least August 26, 1982. The transcript of the state court judgment has been filed and this Court specifically excepted proceedings to have the judgment transcripted against property of Dugan in other states from the preliminary injunction issued on June 4, 1982. In light of these precautions, we find that no harm will come to SB & T if the injunction is made permanent.

In considering the grounds for issuance of a permanent injunction, this Court is also concerned with the effects of the default judgment as to acceleration of the debt. The *res judicata* effects of acceleration through judgments was discussed by this Court in *New Mexico Properties, supra.* However, since the deed has already been done in the instant case, as was not true in New Mexico Properties, it is impossible to prevent the effects of the judgment. Any effect of that judgment with respect to acceleration took place before this Court heard the complaint for the preliminary injunction. Accordingly, this decision does not consider the prevention or curing of acceleration as grounds for the injunction.

Based on the findings set forth above, we find that an injunction is proper to allow the debtor an opportunity to present a plan and put it into operation. If the debtor fails to file a plan within the required time or if the plan is not approved, SB & T may apply to have the injunction lifted. Addi-

tionally, should the Court find after August 26, 1982, that SB & T is no longer adequately protected by sufficient equity in the property in question, as is presently the case pursuant to stipulation in Adversary Proceeding No. 82–0217, this injunction will be reconsidered upon application by Security Bank & Trust.