**In re KASUAL KREATION, INC. a/k/a Wicker, Wicker, Wicker, Debtor.**

**KASUAL KREATION, INC. a/k/a Wicker, Wicker, Wicker and Jerry and Sherry Isackson, Plaintiffs,**

**v.**

**HELLER FINANCIAL, INC., Defendant.**

**Bankruptcy No. 85–00205–BKC–SMW. Adv. No. 85–1133–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 21, 1985.

Steven Mishan, D. Jean Ryan, Mishan, Sloto & Hoffman, Miami, Fla., for Isacksons.

Stanton Levin, Levin & Fishman, P.A., Miami, Fla., for debtor.

Aaron A. Foosaner, Smith & Mandler, P.A., Miami Beach, Fla., for Heller Financial, Inc.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on before the Court on November 13, 1985, upon the

Plaintiff's Complaint for Injunctive Relief pursuant to Section 105(a) of the Bankruptcy Code, and the Court having heard the testimony, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

KASUAL KREATION is a Chapter 11 Debtor-in-Possession in the United States Bankruptcy Court for the Southern District of Florida. Plaintiffs JERRY AND SHERRY ISACKSON are the principals, officers and shareholders of KASUAL KREATION. The Defendant is a Corporation, with its principal place of business in Chicago, Illinois.

KASUAL KREATION entered into a lease agreement with the Defendant with respect to certain computer equipment. The ISACKSONS are personal guarantors as to this lease agreement. This action was brought to stay the Defendant from proceeding against the ISACKSONS on their personal guarantees in the United States District Court for the Northern District of Illinois for a three month period.

KASUAL KREATION is a company engaged in the sale of wicker furniture and accessories. The nature of the business requires the principals to purchase the furniture (most of the purchases are made overseas) and personally supervise the operations of 14 people engaged in the warehousing, assembly and display of their furniture in two retail store locations for sale to the general public.

The ISACKSONS, as principals of KASUAL KREATION, have just returned from a purchasing trip overseas to secure inventory for their stores for the forthcoming Christmas sales season, and are presently engaged in "gearing up" for these seasonal sales which generally run from late October through early March, peaking in late December.

The computer equipment that is the subject of the guaranty action has been returned to HELLER which has not yet liquidated the equipment or applied the proceeds to the outstanding debt.

11 U.S.C. § 105(a) provides that the Bankruptcy Court:

(a) .... may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.

Additionally, case law is replete with instances where 11 U.S.C. § 105(a) has been utilized to enjoin court proceedings against non-debtor parties that would have an impact on the Debtor's bankruptcy case. See *2 Collier on Bankruptcy,* ¶ 105.02 at 105–6 (15th Ed.1982); *GAF Corp. v. Johns-Manville Corp., (In Re: Johns-Manville Corp.)* 26 B.R. 405 (Bankr.S.D.N.Y.1983); *Johns-Manville v. Asbestos Litigation Group, (In Re: Johns-Manville Corp.)* 26 B.R. 420 (Bankr.S.D.N.Y.1983); *aff'd.* 40 B.R. 219 (S.D.N.Y.1984); *Otero Mills, Inc. v. Security Bank & Trust, (In Re: Otero Mills, Inc.)* 21 B.R. 777 (Bankr.D.N.M.1982); *aff'd.* 25 B.R. 1018 (D.N.M.1982); *In Re: Larmar Estates, Inc.,* 5 B.R. 328 (Bankr.E.D.N.Y.1980). Such cases uniformly support the position that § 105(a) empowers the Bankruptcy Court to enjoin parties from proceedings in other courts against parties other than the Debtor.

The *Otero* case cited above is factually similar to this case. In the *Otero* case the Bankruptcy Court permanently enjoined a Bank from executing or otherwise collecting on its state court judgment against the President of the bankrupt corporation, as the guarantor on the corporation's promissory notes.

The *Otero* case sets forth the following items that the Bankruptcy Court should consider in order to enjoin creditor's action against codebtors or guarantors: (1) the debtor must show irreparable harm to the bankruptcy estate if the injunction does not issue, (2) the strong likelihood of success on merits, and (3) no harm or minimal harm to other party or parties. *Otero, supra.* Success on the merits has been defined as the probability of a successful plan of reorganization. See *Otero,* 21 B.R. 779.

This Court adopts the reasoning and conclusions of the *Otero* court as affirmed by the U.S. District Court of the District of New Mexico.

Applying the above criteria to the instant case, this Court finds that the ISACKSONS are essential to the operation of the Debtor's business during the forthcoming season, and the financial success of the upcoming season is critical to funding of the Debtor's pending Chapter 11 plan. The prosecution of the Illinois action requires the ISACKSONS to employ and pay out-of-state counsel and to spend a substantial amount of time and money defending this action at a time when their full attention, time and efforts are required in the reorganization of KASUAL KREATION. Accordingly, this Court finds that the failure to obtain the Injunctive Relief requested would result in severe and irreparable harm to the bankruptcy estate.

Secondly, the probability of a successful plan of reorganization will be heavily determined by the presence of the ISACKSONS during this crucial sales season. The confirmation of the Chapter 11 plan is not scheduled until mid-December and any projections as to the acceptance or success of that plan at this time would be conjectural at best.

Finally, the Bankruptcy Court must consider the degree of harm that would inure to the Defendant. In this case, the computer equipment has been returned to the Defendant and the Defendant has not yet established the amount to be credited to the ISACKSON's against the total debt due. Additionally, a successful plan of reorganization would reduce the outstanding obligation due from the guarantors. The Plaintiff is only requesting Injunctive Relief for the seasonal period and since the Defendant is only seeking an award of money damages from the United States District Court, there would be no substantial harm to the Defendant caused by this short delay in the prosecution of this litigation.

However, the Court is not unmindful of the necessity of the District Court for the Northern District of Illinois to control the cases before it. Accordingly, this Court does not find that a one day deposition, arranged to be held in Chicago, and the preparations attendant thereto, would impede the actions of the ISACKSONS so as to constitute irreparable harm to the bankruptcy estate.

Accordingly, the Court orders that JERRY ISACKSON shall appear at depositions in Chicago, Illinois at a time mutually agreed by the parties. This deposition shall not exceed one day in duration and MR. ISACKSON's airfare shall be borne by the Defendant as previously ordered by the District Court for the Northern District of Illinois.

IT IS FURTHER ORDERED that the Defendants, HELLER FINANCIAL, INC., its officers, agents, employees and attorneys, are enjoined from proceeding against the Plaintiffs, JERRY ISACKSON and SHERRY ISACKSON, until January 15, 1985.